IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTOINETTE SUCHENKO,

    Plaintiff,                       18cv0562
                                          **Lead Case**

        v.

ECCO USA, INC.,

    Defendant.

___

ANTOINETTE SUCHENKO,

    Plaintiff,                       18cv0565
                                          **Consolidated Case**

        v.

HOLDINGS ACQUISITION CO., L.P.,

    Defendant.

___

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court is a Motion to Dismiss for failure to state a claim and Brief in Support of same filed by Defendant Holdings Acquisition Co, L.P. Doc. no. 75 and doc. no. 76. Plaintiffs filed a Brief in Opposition. Doc. no. 81. The Defendant's Motion will be **DENIED** for the reasons set forth below.

    **I.**    **Standard of Review - Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and

where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**II.     Discussion**

Because the Court writes primarily for the benefit of the parties, the factual background shall be truncated. The Court assumes all facts set forth in the Complaints to be true solely for the purpose of deciding these Motions. Plaintiffs are blind or visually impaired individuals who claim Defendants' websites are not accessible to them in violation of the Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

Defendant identifies the lead Plaintiff as a "serial website tester" with at "least thirteen (13) active cases in the Western District of Pennsylvania." Defendant notes that the instant case appears "to be yet another cookie cutter Complaint [where] she alleges that www.riverscasino.com, www.riverscasinoandresort.com and www.sugarhousecasino.com fail to comply with the ADA." Thus, this Court deduces that Defendant operates the three aforementioned websites.

Defendant essentially argues that Plaintiffs' Complaint must be dismissed because the DOJ has never issued implementing regulations for website accessibility. Defendant reasons that because the DOJ has failed to implement regulations for website activity, the Plaintiff cannot sufficiently plead an ADA violation for the website activity she was precluded from enjoying. This Court disagrees.

This Court previously noted in the case, *Gniewkowski v. Lettuce Entertain You Enterprises, Inc.,* 251 F. Supp 908, (W.D. Pa. 2017), as follows:

3

In analyzing the Parties' respective positions on whether AmeriServ's website is a "place of public accommodation," this Court begins by highlighting the purpose of the ADA as stated by Congress, which reads in pertinent part as follows:

> FINDINGS.—Congress finds that—(1) some 43,000,000 Americans have one or more physical or mental disabilites, and this number is increasing as the population as a whole is growing older; (2) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; (3) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services; . . . .

AMERICANS WITH DISABILITIES ACT OF 1990, PL 101–336, July 26, 1990, 104 Stat. 327.

The United States Court of Appeals for the First Circuit provided a thorough, but succinct, summary of the purpose of the ADA based upon its legislative history as follows:

> The purpose of the ADA is to "invoke the sweep of Congressional authority...in order to address the major areas of discrimination faced day-to-day by people with disabilities," 42 U.S.C. §12101(b). The ADA was enacted to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. §12101(b)(1). The purpose of Title III of the ADA, is "to bring individuals with disabilities into the economic and social mainstream of American life...in a clear, balanced, and reasonable manner." H.R.Rep. No. 485, 101st Cong., 2d Sess., pt. 2, at 99 (1990), reprinted in 1990 U.S.C.C.A.N. 303, 382. In drafting Title III, Congress intended that people with disabilities have equal access to the array of goods and services offered by private establishments and made available to those who do not have disabilities. S.Rep. No. 116, 101st Cong., 1st Sess. at 58 (1989).

*Carparts Distrib. Cntr., inc., v. Auto. Wholesaler's Ass'n of New England, Inc.*, 37 F.3d 12 19, (1st Cir. 1994).

*Id*. at 915-916.

Defendant in the instant case also cited to two decisions reached by the United States Court of Appeals for the Third Circuit in an effort to convince this Court that a "public accommodation" is a physical "place.[1]" See *Ford v. Schering-Plough Corp.,* 145 F.3d 601, 613-14 (3d Cir. 1998); *Peoples v. Discover Fin. Svcs.,* 387 Fed. Appx. 179, 184 (3d Cir. 2010).[2]

In *Ford*, the Court of Appeals for the Third Circuit reasoned that because an insurance plan was offered to an employee via her employment, the employee "had no nexus to [an] 'insurance office' and thus, was not discriminated against in connection with a public accommodation." 145 F.3d at 612–13. *Ford* did not hold that Title III ensures only physical access to places of public accommodation. The Court of Appeals in *Ford* reasoned that a plaintiff must have a nexus to a place of public accommodation in order to claim the protections of Title III. There is no dispute that Plaintiff in this case has such a nexus.

In *Peoples,* a blind person was over-charged for sexual services he received from a prostitute. 387 Fed. Appx. at 183. He contested the amount of some of these charges through his credit card company ("DFS"), through which he paid for the services. Id. The Court of Appeals in this case noted that because the plaintiff used his Discover Card to pay for the transactions with the prostitute at her apartment and although DFS's credit services could be used by plaintiff at a merchant's place of accommodation, DFS itself does not own, lease or operate those locations. Id at 184. The Court of Appeals held, "[t]hus, because DFS's alleged discrimination (*i.e.,* the supposedly insufficient investigation of [plaintiff's] fraud claim) in no way relates to the equal enjoyment of goods, services, facilities, privileges, advantages, or

---

[1] Although Defendant in this case also cites to case law emanating from courts in other jurisdictions, this Court notes that those decisions have no binding authority on this Court, and thus, will not be discussed.

[2] Although this Court addressed these same two cases in great detail in *Gniewkowski,* the Court will reiterate its position here.

accommodations on physical property that DFS, rather than [the prostitute], owns, leases, or operates, the District Court correctly granted summary judgment against [the plaintiff] on his ADA claim." Id. Again, in this case, the Court of Appeals essentially found the "nexus" lacking.

As this Court previously held in *Gniewkowski, supra*, the Court of Appeals for the Third Circuit in both *Ford* and *Peoples* did not desire to expand the meaning of "place of public accommodation" to include places where: (1) an insurance policy was issued or implemented, or (2) a credit card company's processing terminals were located. Importantly, however, in both *Ford* and *Peoples*, the alleged discrimination occurred at a location where neither the insurance carrier in *Ford*, nor the credit card company in *Peoples*, had ownership or possession, or exercised control.

Turning to the facts as pled and as accepted as true for purposes of deciding the Motion to Dismiss presently before the Court in the instant case, the alleged discrimination has taken place on property that Defendant Holdings Acquisition, CO., LP, purportedly does own, operate, and/or control. Therefore, Plaintiff in this case has a nexus to the place of public accommodation and thus may claim the protections of Title III.

**III.     Conclusion**

Based on the foregoing law and authority, Defendant's Motion to Dismiss will be denied.

## ORDER OF COURT

AND NOW this 3rd day of August 2018, the Motion to Dismiss filed by Defendant Holdings Acquisitions, CO., LP ([doc. no. 75](doc. no. 75)) is DENIED.  Defendant is Ordered to file an Answer to the Complaint ([doc. no. 1](doc. no. 1)) on or before August 13, 2018.

**SO ORDERED, this 2nd day of August, 2018**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc: All ECF registered counsel of record