IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTOINETTE SUCHENKO,

    Plaintiff,

18cv0562
**Lead Case**

    v.

ECCO USA, INC.,

    Defendant.

---

ANTOINETTE SUCHENKO and
LISA GATHERS, et. al.

18cv0962
**Consolidated Case**

    Plaintiffs,

    v.

PURPLE INNOVATION, LLC. doing
business as PURPLE

    Defendant.

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss and Brief in Support filed by Defendant Purple Innovation, LLC d/b/a Purple.  Doc. no. 122 and doc. no. 123.  The Motion to Dismiss primarily argues that the "First-Filed Rule" prevents the instant case from going forward.  Plaintiffs filed a Brief in Opposition to this Motion to Dismiss (doc. no. 128), making this matter ripe for disposition.  Defendant's Motion will be denied for the reasons that follow.

    **I. Standard of Review**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading.  Fed. R. Civ. P. 8(a)(2) requires only "'a

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and

where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. Discussion

### A. First-Filed Rule

Defendant makes several arguments in support of dismissal. Each will be addressed below, seriatim.

The first argument is the "First-Filed Rule." This Court has previously considered this argument in other similar cases. In *Sipe v. American Casino & Entertainment Properties, LLC,* this Court was presented with the same "first-filed" argument and in deciding the issue, this Court reviewed a United States Court of Appeals for the Third Circuit case, *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988).

In the *E.E.O.C.* case, the Court of Appeals summarized the "first-filed" law as follows:

> The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court "the power" to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court. *See Triangle Conduit & Cable Co. v. National Elec. Products Corp.,* 125 F.2d 1008, 1009 (3d Cir.), *cert. denied*, 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750 (1942). <u>That authority, however, is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping</u>. District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule. *See Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475–76 (3d Cir.), *cert. denied*, 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942); *accord Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir.1982); *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421, 423–24 & n. 4 (2d Cir.1965); *cf. Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (no precise rule governs relations between federal district courts possessing

> jurisdiction, but general principle is to avoid duplicative litigation); *Kline v. Burke Constr. Co*., 260 U.S. 226, 229, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922) (forbearance exercised by coordinate federal courts is discretionary) (quoting *Covell v. Heyman*, 111 U.S. 176, 182, 4 S.Ct. 355, 358, 28 L.Ed. 390 (1884)).

850 F.2d at 971-72 (emphasis added).

This Court may disregard the First-Filed Rule in this case given that: (1) rare or extraordinary circumstances are present; and (2) it appears that Attorney Hurley may have, once again, acted in bad faith or engaged in forum shopping given his decision to file a lawsuit in Utah.

According to the Complaint filed in this case, and as detailed by Plaintiffs in their Brief in Opposition to this Motion to Dismiss, Defendant received a pre-litigation letter from Plaintiffs' attorney dated May 18, 2018. See doc. no. 1, at ¶ 44. Per Plaintiffs, the pre-litigation letter explained that Defendant's website contained failures which prevented Plaintiffs and other visually impaired consumers from accessing Defendant's online content. Thereafter, Defendant retained Attorney Hurley (who also represented a defendant in *Sipe v. American Casino & Entertainment Properties, LLC)*. On July 9, 2018, Attorney Hurley filed a lawsuit against Plaintiffs in Utah in an effort to invoke the First-Filed Rule to thwart Plaintiffs from asserting their claims in the instant case.

Importantly, given Attorney Hurley's familiarity with this Court's position in cases such as the instant matter, both with respect to the First-Filed Rule and the Court's overall position on Motions to Dismiss these sort of matters, the Court finds that there is ample evidence of bad faith. As such the court declines to impose the First-Filed Rule, and accordingly will deny the Motion to Dismiss.[1]

---

[1] This Court notes that Plaintiffs have cited cases from numerous courts throughout the United States that have admonished Attorney Hurley for his frivolous filings. To date, this Court has not sanctioned

4

**B. Place of Public Accommodation**

Next, Defendant contends that because a website is not a physical place it does not meet the definition of "public place of accommodation" as defined by case law and the Americans with Disabilities Act. This Court has rejected this precise argument before in nearly identical cases where visually impaired Plaintiffs have sued companies with websites that were made available to the public. *See*, *Gniewkowski v. Lettuce Entertain You Enterprises, Inc.*, 251 F. Supp 908 (W.D. Pa. 2017); and *Suchenko v. ECCO USA, Inc.*, 2018 WL 3660117 (W.D. Pa. Aug. 2, 2018). Simply put, Defendant in the instant case, like other corporate defendants in *Gniewkowski* and *Suchenko*, purportedly owns, operates, and/or controls the property upon which the alleged discrimination has taken place – *i.e.*, its website. Therefore, Plaintiff in this case has a nexus to the place of public accommodation and thus may claim the protections of Title III. As a result, Defendant's Motion to Dismiss is denied.

**C. Due Process**

Defendant further argues that because its website cannot be considered a public place of accommodation under the ADA – a statement with which this Court disagrees, as noted immediately above – any attempt by this Court to allow this lawsuit to proceed would violate Defendant's Constitutional due process rights. Given that the very purpose of the ADA is to bring individuals with disabilities in to the economic and social mainstream of American life, and considering that Defendant's commerce is conducted online, the only way for individuals with disabilities to access Defendant's products is through a computer. Therefore, this Court finds that Defendant had notice that if its for-profit products – which are sold through the internet

---

Attorney Hurley for the actions he has taken in bad faith. However, in light of the fact that this Court has now been made aware of these unscrupulous practices by Mr. Hurley, the Court would consider imposing sanctions against Attorney Hurley should he continue to act in this manner before this Court and should a request be made in future cases where he does so.

– could only reach individuals without a vision impairment or other disability, Defendant would be violating the ADA. Thus, Defendant's due process argument in favor of dismissal also fails.

**D. Primary Jurisdiction**

Defendant contends that the doctrine of primary jurisdiction also applies to the instant case, precluding this Court from hearing this matter. Per Defendant, Congress "explicitly entrusted the Attorney General with the responsibility of issuing regulations in order to carry out Title III of the ADA[.]" Doc. no. 123, p. 16. As explained by the Court of Appeals for the Third Circuit in *MCI Communications Corp. v. AT&T. Co.*, 496 F.2d 214 (3d Cir. 1974):

> The doctrine of primary jurisdiction has been developed by courts in order to avoid conflict between the courts and an administrative agency arising from either the court's lack of expertise with the subject matter of the agency's regulation or from contradictory rulings by the agency and the court. Under the doctrine, a court should refer a matter to an administrative agency for resolution, even if the matter is otherwise properly before the court, if it appears that the matter involves technical or policy considerations which are beyond the court's ordinary competence and within the agency's particular field of expertise.

*Id.*, at 220. However, Third Circuit law counsels against applying the doctrine of primary jurisdiction in cases where a Court is equally equipped and well-suited to hear the case. *See MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1104 (3d Cir. 1995). Given this law, this Court finds that there is an insufficient basis upon which to apply the doctrine of primary jurisdiction and therefore will deny Defendant's Motion to Dismiss on this basis as well.

**E. Plaintiff's Retaliation Claim**

Finally, Defendant argued that its attempt to file a lawsuit in Utah after receiving the pre-litigation letter from Plaintiffs could not be considered retaliation or coercion in contravention of the ADA's prohibition against same. The Court finds that the Complaint, as stated and with

allegations accepted as true solely for the purposes of the deciding this Motion to Dismiss have established a *prima facie* for a claim of retaliation/coercion under the ADA.

**III. Conclusion**

Based on the foregoing law and authority, the Court finds that there is no basis upon which to grant Defendant's Motion to Dismiss, and accordingly, will deny same.

**ORDER OF COURT**

AND NOW, this 16th day of August, 2018, the Court DENIES Defendant's Motion to Dismiss Plaintiffs' Complaint. Doc. no. 122. Defendant must file an Answer to the Complaint on or before August 27, 2018.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record